

**CORPORATION SERVICE COMPANY**

**AZF / ALL**
**Transmittal Number: 10176288**
**Date Processed: 08/01/2012**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Tanya Flores<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 1300<br>San Diego, CA 92108 |
| **Copy of transmittal only provided to:** | Sany Chay<br>Marie Bola<br>Leina Veniegas |

| | |
|---|---|
| **Entity:** | Midland Funding LLC<br>Entity ID Number  2618148 |
| **Entity Served:** | Midland Funding LLC |
| **Title of Action:** | Rick Riley vs. Midland Funding LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court/Agency:** | Wyandotte County District Court, Kansas |
| **Case/Reference No:** | 2012-CV-1036 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 08/01/2012 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | A. J. Stecklein<br>913-371-0727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| Rick Riley, | |
| Plaintiff, | |
| vs. | Case Number: 2012-CV- *1036* |
| | Division: _____ 3 _____ |
| Midland Funding LLC | |
| Registered Agent: | Chapter 60 |
| Corporation Service Company | |
| 200 Southwest 30th Street | |
| Topeka, Kansas 66611 | |
| | |
| and | |
| | |
| Midland Credit Management LLC | |
| Registered Agent: | |
| Corporation Service Company | |
| 200 Southwest 30th Street | |
| Topeka, Kansas 66611, | |
| Defendants. | |

### SUMMONS

TO:  Midland Funding LLC, the above named defendant.

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiffs' attorney as follows:

>A.J. Stecklein
>748 Ann Avenue
>Kansas City, Kansas 66101

within 21 days of service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

Clerk of District Court

Dated   *7-12-12*

by_____
Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons:

1. **PERSONAL SERVICE.**  By delivering a copy of such summons and a copy of the petition to each of the following Defendants on the dates indicated:
   Dated: _____

2. **RESIDENCE SERVICE.**  By leaving a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants with some person of suitable age and discretion residing therein on the dates indicated:
   Dated: _____

3. **AGENT SERVICE.**  By delivering a copy of such summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:
   Dated: _____

4. **RESIDENCE SERVICE AND MAILING.**  By delivering a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants and mailing by first-class mail on the dates indicated a notice that such copy has been so left:
   Dated: _____

5. **CERTIFIED MAIL SERVICE.**  I hereby certify that I have served the within summons (1) By mailing on the _____ day of _____, 20___, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named Defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:
   _____

6. **CERTIFIED MAIL SERVICE REFUSED.**  I hereby certify that on the _____ day of _____ 2012, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to:
   _____

7. at:  _____

8. **NO SERVICE.**  The following Defendants were not found in this county:
   _____

   I certify, under penalty of perjury, that the foregoing is true and correct.
Executed on this _____ day of _____, 20___.

   _____
   Signature and Title of Officer

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

Rick Riley,

                                   Plaintiff,

vs.                                                   Case Number: 2012-CV-

Midland Funding LLC                       Division: _____
Registered Agent:
Corporation Service Company       Chapter 60
200 Southwest 30th Street
Topeka, Kansas 66611

and

Midland Credit Management LLC
Registered Agent:
Corporation Service Company
200 Southwest 30th Street
Topeka, Kansas 66611,
                                   Defendants.

### SUMMONS

    TO:  Midland Funding LLC, the above named defendant.

    You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiffs' attorney as follows:

        A.J. Stecklein
        748 Ann Avenue
        Kansas City, Kansas 66101

within 21 days of service of this summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

                      Clerk of District Court

Dated _____          by___ _____
                                                  Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons:

1. **PERSONAL SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following Defendants on the dates indicated:
   Dated: _____

2. **RESIDENCE SERVICE.** By leaving a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants with some person of suitable age and discretion residing therein on the dates indicated:
   Dated: _____

3. **AGENT SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:
   Dated: _____

4. **RESIDENCE SERVICE AND MAILING.** By delivering a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants and mailing by first-class mail on the dates indicated a notice that such copy has been so left:
   Dated: _____

5. **CERTIFIED MAIL SERVICE.** I hereby certify that I have served the within summons (1) By mailing on the _____ day of _____, 20___, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named Defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:
   _____

6. **CERTIFIED MAIL SERVICE REFUSED.** I hereby certify that on the _____day of _____ 2012, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to:
   _____

7. at:   _____

8. **NO SERVICE.** The following Defendants were not found in this county:
   _____

   I certify, under penalty of perjury, that the foregoing is true and correct.
Executed on this _____ day of _____, 20___.

   _____
   Signature and Title of Officer

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| Rick Riley, | |
| Plaintiff, | |
| vs. | Case Number: 2012-CV- |
| | |
| Midland Funding LLC | Division: _____ |
| Registered Agent: | |
| Corporation Service Company | Chapter 60 |
| 200 Southwest 30th Street | |
| Topeka, Kansas 66611 | |
| | |
| and | |
| | |
| Midland Credit Management LLC | |
| Registered Agent: | |
| Corporation Service Company | |
| 200 Southwest 30th Street | |
| Topeka, Kansas 66611, | |
| Defendants. | |

### SUMMONS

TO:  Midland Funding LLC, the above named defendant.

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiffs' attorney as follows:

> A.J. Stecklein
> 748 Ann Avenue
> Kansas City, Kansas 66101

within 21 days of service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

Clerk of District Court

Dated _____          by_____
                                                              Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons:

1. **PERSONAL SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following Defendants on the dates indicated:
   Dated: _____

2. **RESIDENCE SERVICE.** By leaving a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants with some person of suitable age and discretion residing therein on the dates indicated:
   Dated: _____

3. **AGENT SERVICE.** By delivering a copy of such summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:
   Dated: _____

4. **RESIDENCE SERVICE AND MAILING.** By delivering a copy of such summons and a copy of the petition at the usual place of residence of each of the following Defendants and mailing by first-class mail on the dates indicated a notice that such copy has been so left:
   Dated: _____

5. **CERTIFIED MAIL SERVICE.** I hereby certify that I have served the within summons (1) By mailing on the _____ day of _____, 20___, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named Defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:

   _____

6. **CERTIFIED MAIL SERVICE REFUSED.** I hereby certify that on the _____day of _____ 2012, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid, addressed to:

   _____

7. at: _____

8. **NO SERVICE.** The following Defendants were not found in this county:

   _____

   I certify, under penalty of perjury, that the foregoing is true and correct.
Executed on this _____ day of _____, 20___.

_____
Signature and Title of Officer



## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

Rick Riley,

                Plaintiff,

vs.

Midland Funding LLC

and

Midland Credit Management LLC,
                Defendants.

Case Number: 2012-CV-1036

Division: _____3_____

Chapter 60

### PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

#### Parties

1.    Plaintiff is a resident of Wyandotte County, Kansas.

2.    Midland Funding LLC (hereafter Midland) is a Delaware limited liability company, with a regular place of business in San Diego, California.

3.    Midland regularly conducts business in the state of Kansas and throughout the United States.

4.    Midland acquires consumer debts that are alleged to be in default and is engaged in the business of collecting debts.

5.    Midland Credit Management Inc. (hereafter MCM) is a

Kansas corporation engaged in the business of collecting debts in Kansas and throughout the country. MCM's headquarters are in San Diego, California.

6.      MCM regularly services consumer debts alleged to be due to Midland.

7.      Midland and MCM are directly or indirectly wholly owned companies and subsidiaries of Encore Capital Group Inc. (hereafter Encore), a NASDAQ listed company trading under the NASDAQ exchange symbol of ECPG, which describes itself and its subsidiaries as a "systems-driven purchaser and manager of charged-off consumer receivable portfolios and . . . provider of bankruptcy services to the finance industry."

8.      At all times relevant hereto, Defendants Midland Funding LLC and Midland Credit Management LLC were engaged in the business of collecting consumer debt, all within Wyandotte County, Kansas.

### Venue and Jurisdiction

9.      The acts in which Plaintiff complains occurred in Wyandotte County, Kansas.

10.     Defendants are corporations registered with the Kansas Secretary of State's office that do business in Wyandotte County, Kansas.

11.     The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

12.     Jurisdiction and venue are appropriate in this court.

## Factual Allegations

13.     On April 18, 2011, Plaintiff Midland Funding LLC filed a lawsuit against Rick Riley in the limited actions division of the Wyandotte County District Court, case number 2011-LM-04157.

14.     On May 16, 2011, the petition was served on Rick Riley along with a summons to be called on the court's docket on June 6, 2011.

15.     The petition alleged that Midland Funding LLC had purchased an old credit card debt from Citibank and the balance had accrued to $2,686.79.

16.     In its Petition on Account, Midland alleged two counts. Count I – For Money Loaned, alleged a balance accrued of $2,686.79 and Count II – On Account, Midland also alleged a balance accrued of $2,686.79.

17.     Attached to the Petition is an affidavit by Jeannie Loehrer entitled "Affidavit of Jeannie Loehrer in Support of Plaintiff's Motion for Default Judgment." The affidavit is attached hereto as Exhibit A.

18.     In paragraph 1, Ms. Loehrer swears that:

a.      She is employed by MCM, the servicer for Midland;

b.      MCM maintains records that give her personal knowledge to make the statements contained in the affidavit;

c.      She has reviewed records that enable her to have personal knowledge of the statements made in the affidavit.

3

19.　In Paragraph 2 of the affidavit, Ms. Loehrer swears as follows:

> 2.　I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

20.　In paragraph 2, Ms. Loehrer swears that:

　　a.　MCM creates and maintains records regarding the account in the ordinary course of its business;

　　b.　The records that MCM creates are created by a person with knowledge of the act or the event recorded (in this case, the transactions which Midland alleges were reasonable and, after all offsets and credits, a balance is due of $2,686.79);

　　c.　The records that MCM creates are created at or near the time of the act or event (in this case, the transactions which Midland alleges were reasonable and, after all offsets and credits, a balance is due of $2,686.79).

21.　In Paragraph 3 of the affidavit, Ms. Loehrer swears that the records she reviewed were created and maintained by MCM by a person with personal knowledge of the act at the time of the act and reflects a balance accrued of $2,686.79.

4

22.    In Paragraph 4 of the affidavit, Ms. Loehrer swears as follows:

> 4.    Attached hereto is a true and correct copy of a statement of account and/or billing statement(s) relating to this matter, as reflected in MCM's records.

However, no records were, in fact, attached to the petition.

23.    The affidavit was presented to Plaintiff Rick Riley at the time of service of process to imply that MCM had created and maintained admissible business records to prove that (1) it had standing to enforce the debt as alleged; (2) the transactions were, in fact, reasonable as claimed in the petition; and (3) the amount claimed was accurate after all offsets and credits.

24.    In reality, there were no admissible records created by MCM which the affiant could have testified to reviewing because MCM does not and cannot create records at the time of the event, by a person with knowledge of the event, because MCM was not involved until long after the original event.

25.    The records obviously were not attached because business records do not exist as described in the affidavit by Ms. Loeher.

26.    This misrepresentation of the existence of those admissible records deceptively and falsely lead the Plaintiff Rick Riley, who had no proof otherwise, to believe the statements to be both provable and correct.

27.    The affidavit is designed to represent and appear to be an

5

MCM records custodian affidavit regarding MCM business records created and maintained in accordance with the requirements of K.S.A. §60-460(m), to allow such evidence to be admissible at a default hearing under the K.S.A. §60-460(m) exception.

28.     The K.S.A. §60-460(m) exception states "Business entries and the like. Writings offered as memoranda or records of acts, conditions or events to prove the facts stated therein, if the judge finds that (1) they were made in the regular course of a business at or about the time of the act, condition or event recorded and (2) the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness."

29.     K.S.A. §60-460(m) goes on to state that "the affidavit of the custodian shall be prima facie evidence that the records satisfy the requirements of this subsection."

30.     Defendants created an affidavit to present to Plaintiff Rick Riley upon service of the petition and for the Court upon a default to provide the foundational evidence entitling it to judgment.

31.     The foundational evidence entitling Defendant Midland to default judgment purports to be an affidavit of the custodian of records to establish that the records satisfy the requirements of K.S.A. §60-460(m).

32.     In the affidavit, Ms. Loehrer purports to have personal knowledge about records that do not exist.

6

33.    In that affidavit, Ms. Loehrer purports to be a records custodian for records that do not exist.

34.    As Defendants know, Ms. Loehrer, as a legal specialist for MCM, would not be an appropriate custodian for business records created by Citibank long before Ms. Loehrer's, or MCM's, or Midland's involvement with the account.

35.    Furthermore, Exhibit A is purposely crafted and created by MCM and Midland to look like a business records custodian's affidavit of a MCM custodian regarding MCM records that complies with K.S.A. §60-640(m) when, in fact, MCM records do not exist and the only records MCM has are records of some other corporation for which it knows its legal specialists would have no qualifications to serve as a custodian.

36.    The misrepresentations in this affidavit are specifically designed to mask proof problems of Midland and is aggravated by the fact that Defendants claim to attach supporting MCM records, but then fail to do so.

37.    Based upon the above-described affidavit, Defendant Midland requested the Court issue a default judgment against Plaintiff Rick Riley and a default judgment was entered on June 6, 2011 in the amount of $2,686.79, attached as Exhibit B and incorporated by reference.

38.    Based upon the default judgment obtained with Exhibit A as evidence, Defendant Midland garnished Plaintiff Rick Riley's bank account on July 20, 2011.

39.    Meanwhile, on July 13, 2011, a class action counterclaim was filed in Douglas County, Kansas, in an action entitled *Midland Funding, LLC v. Morgan Gottesburen*, case number 2011-CV-444, seeking class certification on the above-described issue.

40.    The class representative in case number 2011-CV-444, Morgan Gottesburen, sought to certify two classes arising from the affidavit used by Midland Funding LLC in her case.

41.    The definition of the Class 1 sought to be certified as the class in case number 2011-CV-444 was as follows:   Class 1 consists of persons who:

        a.    Are natural persons;

        b.    Sued by Midland Funding;

        c.    In a Kansas Court;

        d.    Were served with process;

        e.    Were presented an affidavit attached to the petition, which contained the following language:

> 2. I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

     f.    The suit was filed on or after July 15, 2008.

42.    The definition of the Class 2 sought to be certified as the class in case number 2011-CV-444 was as follows:   Class 2 consists of persons who:

     a.    Are natural persons;

     b.    Sued by Midland Funding;

     c.    In a Kansas Court;

     d.    Were served with process;

     e.    Were presented an affidavit attached to the petition which contained the following language:

> 2. I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

     f.    Were presented with an affidavit attached to the petition which contained the following language:

9

4. Attached hereto is a true and correct copy of a statement of account and/or billing statement(s) relating to this matter, as reflected in MCM's records.

g.    No records were attached to the affidavit; and

h.    The suit was filed on or after July 15, 2008.

43.    Plaintiff Rick Riley fell within the definition of both Class 1 and Class 2 of case number 2011-CV-444 and would have been a member of both classes had those classes been certified by the district court.

44.    On October 14, 2011, Midland Funding LLC filed a Motion to Compel Arbitration in case number 2011-CV-444 to stay Morgan Gottesburen's counterclaim and enforce a class action waiver provision in the credit card agreement purported to have been sent to Morgan Gottesburen.

45.    On June 5, 2012, the Douglas County court issued an Order Granting Midland's Motion to Compel Arbitration and to Stay Proceedings and ordered Morgan Gottesburen to submit her claims to mandatory binding arbitration consistent with the terms of the Cardmember Agreement, effectively denying her the right to proceed with the Class Action representation.

10

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Rick Riley, and as for Count I against Defendants Midland Funding LLC and Midland Credit Management LLC, states and alleges as follows:

46.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

47.     This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

48.     Plaintiff is a "consumer" as defined by 15 USC §1692a(3) of the FDCPA.

49.     The principal purpose of Defendants Midland Funding LLC and Midland Credit Management LLC is the collection of consumer debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

50.     Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(3) who use any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

11

51.     The Defendants were attempting to collect a "consumer debt" as defined by 15 U.S.C. §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

52.     The presentation and submission of the false affidavit by Defendants violated the FDCPA, including, but not limited to:

        a.     Using false, deceptive, and misleading representations and means in connection with Rick Riley's alleged debt by falsely representing the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2);

        b.     Using false, deceptive, and misleading representations and means in connection with the collection of Rick Riley's alleged debt by taking actions that cannot legally be taken in violation of 15 U.S.C. §1692e(5);

        c.     Using false, deceptive, and misleading representations in connection with the collection of Rick Riley's alleged debt by using false representations and deceptive means to collect or attempt to collect Rick Riley's alleged debt in violation of 15 U.S.C. §1692e(10);

        d.     Employing other false, deceptive, or misleading representations in connection with the collection of alleged debts in

violation of 15 U.S.C. §1692e.

53.    These misrepresentations are material because:

a.    The affiant falsely represented to Plaintiff Rick Riley that Defendants had admissible records proving their claims (1) of ownership; (2) of reasonableness of the charges; (3) accuracy of the interest rates; and (4) accuracy of the ending balance when, in fact, they had no such records.

b.    The affiant falsely represented to Plaintiff Rick Riley that it had admissible evidence to support its claim for relief when, in fact, it did not, as evidenced by the fact that the affidavit clearly misstates the procedure to obtain the records, the contents of the records, and the author of the records.

c.    In addition to the above points that makes the deception material, Midland fabricated evidence in the form of a purported custodian's affidavit based upon records that do not exist because they know the records they have, upon the basis they have them, are inadmissible hearsay.

d.    In addition to the above points that makes the deception material, Midland's excuse that the fraudulent and deceptive affidavit would have only been used in the event no consumer appeared to defend and point out that it is deceptive is more of an aggravating factor than a mitigating factor.

54.   Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

55.   As a result of the above violations of the stated Act, the Defendants are liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Plaintiff Rick Riley, and as for Count II against Defendants Midland Funding LLC and Midland Credit Management LLC, states and alleges as follows:

56.   Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

57.   Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act.

58.   Defendants are suppliers of consumer products as defined by K.S.A. §50-624 and are subject to the requirements and provisions of the Kansas Consumer Protection Act.

59.    The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

60.    Midland Funding LLC's and Midland Credit Management LLC's acts and omissions, as described herein, are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

61.    K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

62.    The Defendant's actions were deceptive pursuant to K.S.A. §50-626, which reads in part, as follows:

*K.S.A. §50-626  Deceptive acts and practices*

*(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.*

*(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:*

*(1) Representations made knowingly or with reason to know that:*

*(B) the supplier has . . . status . . . that the supplier does not have;*

*(F) . . . services ha(ve) . . . benefits or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation; or*

*(2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;*

*(3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact;*

15

*(8) falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer rights, remedies or obligations.*

63.    Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

64.    In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor;*

*(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

65.    Defendants' acts are unconscionable pursuant to K.S.A. §50-627 in that they knew or had reason to know, such as, but not limited to the following that: (1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and (6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.

16

66.     Midland's acts, use and employment of deception, false pretenses, false promises, misrepresentation, unfair practices and the concealment, suppression, or omission of material facts in connection with the sale of consumer lending services in trade and commerce is an unlawful practice.

67.     Midland Funding LLC's and Midland Credit Management LLC's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

68.     Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

69.     Because of Defendants Midland Funding LLC and Midland Credit Management LLC's deceptive acts, Rick Riley is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

70.     Pursuant to K.S.A. §50-636, Rick Riley is entitled to the greater of actual damages or statutory damages in a sum set by the Court of not more than $10,000 for each violation.

WHEREFORE, Plaintiff Rick Riley respectfully prays for judgment on Count II against Defendants Midland Funding LLC and Midland Credit Management LLC and requests the Court:

a.      Issue a declaratory judgment that Midland Funding LLC and Midland Credit Management LLC have violated the Kansas Consumer Protection Act pursuant to K.S.A. §50-634(a)(1);

17

b.      Award actual damages and restitution to Plaintiff Rick Riley;

c.      If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

d.      Issue an injunction against Midland Funding LLC and Midland Credit Management LLC precluding it from continuing the above described conduct pursuant to K.S.A. §50-634(a)(2);

e.      Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

f.      Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By: _____
A.J. Stecklein #16330
Charles D. Kugler #7031
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0147
AJStecklein@gmail.com
CDKugler@yahoo.com
Attorneys for Plaintiff

## DESIGNATION OF LEAD COUNSEL

Comes now the Plaintiff, by and through attorneys of record, and hereby designates A.J. Stecklein of the Consumer Legal Clinic LLC as lead counsel.

By: _____
A.J. Stecklein #16330


## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by and through counsel, and hereby requests a trial by jury on all issues.

By: _____
A.J. Stecklein #16330

19

State of KANSAS

MIDLAND FUNDING LLC,

Plaintiff

-vs-

RICK RILEY,

Defendant(s).

*FILED*
2011 APR 18 AH 9: 38
WYANDOTTE COUNTY DISTRICT COURT
BY ___ KANSAS
DEPUTY

**AFFIDAVIT OF JEANNIE LOEHRER
IN SUPPORT OF PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

---

Jeannie Loehrer, whose business address is 16 Mcleland Rd Suite101, St. Cloud, MN 56303, certifies and says:

1.    I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CITIBANK account XXXXXXXXXXXX2506 (MCM Number    4957) (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

2.    I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3.    The account shows that the defendant(s) owed a balance of $2686.79.



PLAINTIFF'S
EXHIBIT
A

**AFFIDAVIT OF JEANNIE LOEHRER IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT -1**


4957


AFFDEFAULTJDG


RILRIMI2

4.    Attached hereto is a true and correct copy of a statement of account and/or billing statement(s) relating to this matter, as reflected in MCM's records.

I certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

FEB 0 5 2011
_____
Date

_Jeannie Loehrer_

STATE OF MINNESOTA

COUNTY OF STEARNS

FEB 0 5 2011

Signed and sworn to (or affirmed) before me on _____ by Jeannie Loehrer.

**DARLA GENZ**
Notary Public-Minnesota
My Commission Expires Jan. 31, 2013

_____
Notary Public

My commission expires:_____

MO10
KRAMER & FRANK PC

_____

**AFFIDAVIT OF JEANNIE LOEHRER IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT -2**


AFFDEFAULTJDG


RILRIMI2

4957

RILRIMI2 NX

FILED

'2011 JUN -6 PM 4:22

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS

DEPUTY

RILRIMI2 NX

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

MIDLAND FUNDING LLC )
)
) Case No: 11LM 04157
)
      Plaintiff )
vs. ) Division: 11
RICK RILEY )
)
     Defendant(s). )

## JOURNAL ENTRY OF JUDGMENT

Now on this 6th day of June, 2011 Plaintiff appears by

attorney, Defendant(s), duly summoned, appears

_____ not _____

Plaintiff's attorney hereby certifies that the file in the

above-captioned case reflects that each Defendant against whom

judgment is entered has been properly served with summons or

process herein and that this Court has jurisdiction to enter the

judgment requested. After being fully advised in the premises,

the Court finds that Plaintiff's petition is true. Therefore

Judgment is entered in favor for Plaintiff and against

Defendant(s) for:


PRINCIPAL         $  2686.79

INTEREST         $   118.51



PLAINTIFF'S
EXHIBIT
B
PENGAD 800-631-6989

RILRIMI2 NX

ATTORNEY FEE          $       0.00       .

TOTAL                 $  2805.30 and costs of court

     Comes now Plaintiff and hereby dismissed its cause of action as to Count 2 only.

The principal balance of this judgment shall bear interest at the rate of 12.00% per annum.

                          SO ORDERED

DATE: June 6, 2011          _____

                          JUDGE

The undersigned attorney certifies that Defendant(s) is not currently on active military duty of the U. S. based upon either: (a) a search of the Servicemembers Civil Relief Act website of the Department of Defense Manpower Data Center; or (b) the affidavit of Plaintiff filed herein.

                        KRAMER & FRANK, P.C.

By _____
    STEVE N. GATZOULIS, SC# 22176
    Attorneys for Plaintiff
    1125 Grand Blvd., Ste 600
    Kansas City, MO 64106-2501
    Telephone: (816) 471-0030
    Fax:       (816) 472-0963
    06/03/2011
    E-mail: 92475533@lawusa.com

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| Rick Riley, | |
| Plaintiff, | |
| vs. | Case Number: 2012-CV-1036 |
| Midland Funding LLC | Division: 3 |
| and | Chapter 60 |
| Midland Credit Management LLC, Defendants. | |

### PLAINTIFF RICK RILEY'S FIRST
### SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT

COMES NOW Plaintiff Rick Riley, through counsel, and requests Defendant Midland Funding LLC to admit the following matters of fact, as required by K.SA. §60-236.

### DEFINITIONS AND INSTRUCTIONS

1.      "You" or "your" shall mean or refer to the party or parties to whom these Requests for Admission are directed, the party's or parties' agents and attorneys and any other person acting or purporting to act on behalf of the party or parties.

2.      Where one set of Requests for Admission is directed to a group of parties with common counsel, and the answer to the Requests for Admission is different for individual parties within the group, the answer to the Requests for Admission shall reflect the answer for each individual party.

3.      "Documents" shall mean all written or graphic matter, computer memory, tapes or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, including documents stored on computer disks, whether draft of final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, memoranda of telephone conversations or personal conversations, telephone logs, diaries, desk calendars, appointment books, interoffice communications, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies, analysis, statistical and

1

financial statements, charts, graphs, reports or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

4.     "Date" means or refers to the exact date, month and year, if ascertainable, or if not, the best approximation thereof.

5.     "Identify" when used with respect to an individual means to state (1) his name, (2) business affiliation and official title, and (3) his last known address and telephone number.

6.     "Identify" when used with respect to any entity other than a natural person means to state (1) the entity's legal name and the name under which it does business, (2) the address of its principal place of business, and (3) the identity of its chief executive officer.

7.     "Identify" when used with respect to a document means to state (1) the type of document (e.g., letter, memorandum, handwritten note), (2) its date, (3) its author and addressee, (4) its last known custodian or location, and (5) a brief description of its subject matter and size.  In lieu of identifying a document, you may attach a copy of it to your answers, indicating to which Requests for Admission it is responsive.

8.     "Person" shall mean any natural person, firm, association, partnership, government agency, or other entity and its officers, directors, partners, employees, representatives, and agents.

9.     "Relate to" shall mean consist of, refer to, reflect, memorialize or be in any way legally, logically, or factually connected with the matter discussed.

10.    If you assert that any document related to these discovery requests is privileged, provide the following information with respect to each such document:

(a)     its date;
(b)     its author;
(c)     all addressees or recipients of the original or copies thereof;
(d)     a brief description of its subject matter and physical size; and
(e)     the nature and privilege(s) claimed.

11.        If you at any time had possession or control of a document related to these discovery requests, and if such document has been lost, destroyed, purged, or is not presently in your possession or control, describe and document the date of its loss, destruction, purge or separation from possession or control.

## K.S.A. 60-236 requires the following in responding to these requests:

1.     The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

2.     A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify such party's answer or deny only a part of the matter of which an admission is requested, such party shall specify so much of it as is true and qualify or deny the remainder.

3.     An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless such party states that such party has made reasonable inquiry and that the information known or readily obtainable by such party is insufficient to enable such party to admit or deny.

4.     A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; such party, subject to the provisions of subsection (c) of K.S.A. 60-237, and amendments thereto, may deny the matter or set forth reasons why such party cannot admit or deny it.

5.     Scope of Request:  A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of K.S.A. 60-226, and amendments thereto, set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

## REQUESTS

1.     Defendant Midland Funding LLC is a  corporation authorized

to do business in the state of Kansas.

**RESPONSE: ADMIT  /  DENY**

2.     At all times relevant hereto, Defendant Midland Funding LLC

was and is engaged in the business of collecting consumer debt, all

within Kansas City, Wyandotte County, Kansas.

**RESPONSE: ADMIT  /  DENY**

3.     Jurisdiction and venue are appropriate in the District Court

of Wyandotte County, Kansas.

**RESPONSE: ADMIT  /  DENY**

3

4.     The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 U.S.C. §1692k(d).

**RESPONSE: ADMIT / DENY**

5.     The principal purpose of Defendant Midland Funding LLC is the collection of consumer debts using the mails and telephone, and Defendant Midland Funding LLC regularly attempts to collect debts alleged to be due another.

**RESPONSE: ADMIT / DENY**

6.     Plaintiff Rick Riley is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**RESPONSE: ADMIT / DENY**

7.     Defendant Midland Funding LLC is a "debt collector" as defined by 15 U.S.C. §1692a(6) and is subject to the Fair Debt Collection Practices Act.

**RESPONSE: ADMIT / DENY**

8.     Defendant Midland Funding LLC has attempted to collect a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5) from Plaintiff Rick Riley.

**RESPONSE: ADMIT / DENY**

9.     Plaintiff Rick Riley is a consumer as defined in the Kansas Consumer Protection Act, K.S.A. §50-624(b).

**RESPONSE: ADMIT / DENY**

10.   Defendant Midland Funding LLC is a supplier of consumer products as defined by K.S.A. §50-624' and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

**RESPONSE:  ADMIT  /  DENY**

11.   The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c) of the Kansas Consumer Protection Act.

**RESPONSE:  ADMIT  /  DENY**

Respectfully submitted,

By: _____

A.J. Stecklein #16330
Charles D. Kugler #7031
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0147
AJStecklein@gmail.com
CDKugler@yahoo.com
Attorneys for Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that the forgoing was served via first class mail on the 30th day of July, 2012, in the above captioned case on:

Midland Funding LLC
Registered Agent: The Corporation Service Company
200 Southwest 30th Street
Topeka, Kansas 66611

_____

A.J. Stecklein #16330

5

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| Rick Riley, | |
| Plaintiff, | |
| vs. | Case Number: 2012-CV-1036 |
| Midland Funding LLC | Division: 3 |
| and | Chapter 60 |
| Midland Credit Management LLC, | |
| Defendants. | |

### PLAINTIFF'S FIRST
### REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff Rick Riley, by undersigned counsel, requests Defendant Midland Funding LLC provide responses to the following requests for production of documents to be answered as provided for by Kansas Statutes Annotated §61-234 and/or §60-233.

These requests are continuing in nature, requiring you to serve timely supplemental responses with any information within the scope of these requests acquired by you, your attorneys, investigators, agents or others employed by or acting on your behalf, subsequent to your original responses.

### DEFINITIONS

For purposes of these requests, please note:

A.      "You" and "your" shall means Defendant Midland Funding LLC, its agents, employees, board members, executives, independent contractors, former agents, former employees, former board members, former executives, and former independent contractors.

B.      "Person" includes every individual, corporation, partnership, association, or other entity, including.

1

C.     "Document(s)" refers to all writings of any kind, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation, correspondence; memoranda; notes; diaries; statistics; letters; materials; orders; directives; interviews; telegrams; minutes; reports; studies; statements; transcripts; summaries; pamphlets; books; interoffice and intra office communications; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; worksheets; and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or aural oral recordings or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures; and electronic, mechanical, or electrical recordings or representations of any kind, including without limitation, tapes, cassettes, cartridges, discs, chips, and records.

In answering these Requests, "Documents" shall also include all forms of "electronic data" as described below:

1.     Types of Electronic Data Preserved:
        a.     All electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail system usage); all databases (including all records fields and structural information in such databases); all logs of activity on computer systems which may have been used to process or store electronic data; and all word processing files and file fragments.
        b.     With regard to electronic data created by application programs which process financial, accounting, and billing information, all electronic data files and file fragments.
        c.     All files and file fragments.
        d.     All electronic data files and file fragments created or used by electronic spreadsheet programs.
        e.     All other electronic data containing information.

2.     On-Line Data Storage on Mainframes and Minicomputers:
On-Line storage and/or direct access storage devices attached to Plaintiff's mainframe computers and/or minicomputers should not modify or delete any electronic data files as described above unless a true and correct copy of each such electronic data file has been made and is available for inspection and copying.

3.     Off-Line Data Storage, Backups, and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media: All electronic media used for off-line storage, including magnetic tapes, floppy disks, cartridges, and other media, containing any electronic data meeting the criteria set forth above unless a true and correct copy of each such electronic data file has been made and is available for inspection and copying.  This request is intended to cover all removable electronic media used for data storage in connection with Defendant's computer systems,

2

including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes, and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup and/or archive data sets or other electronic data, for all of Defendant's computer systems.

4.      Replacement of Data Storage Devises: Do not dispose of any electronic data storage devices and/or media which may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria set forth above.

5.      Fixed Drives on Stand-Alone Personal Computers and Network Workstations: Electronic data meeting the criteria set forth above on fixed drivers attached to stand-alone microcomputers and/or network workstation should not be altered or erased and should not be subjected to other procedures (such as data compression and disk de-fragmentation and optimization routines) which may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files and is available for inspection and copying.

6.      Programs and Utilities: Copies of all application programs and utilities that may be used to process electronic data covered by this request.

7.      Log of System Modification: Activity logs referring to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria set forth in paragraphs above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties.

8.      Files on personal computers used by a person or his/her secretary or assistant shall refer to any computer, whether portable, lap top or otherwise.

D.      In answering these Requests, if an objection is asserted, then each reason for the objection shall be stated.  If a failure to admit or deny a request is based on a privilege or the work product doctrine, then without revealing the protected information, the objecting party shall state information that will permit others to assess the applicability of the privilege or work product doctrine.

E.  "Similar Claim" means a claim made within three years preceding the date of filing of the Petition in the above captioned case through the date of the filing of this case; as to "similar," means a claim under any theory that Midland Funding LLC allegedly took collection actions it was not legally entitled to take or took collection efforts in violation of state, federal, or local law; and as to "claim," means any claim, contention, argument, demand or assertion in writing, made by

3

whatever means, including by way of example and not limitation a letter, statement, demand, formal Complaint filed in Court, arbitration, or administrative proceeding, and whether notice of the claim was received from the claimant or a third party (for example, Better Business Bureau, Department of Vehicles, Department of Consumer Affairs, or the claimant's representative).

## REQUESTS

**Please produce:**

## REQUESTS PERTAINING TO DEFENDANT'S STANDING TO ENFORCE DEBT

1.     All documents from the original creditor or assignor showing the amount of debt owed and that Defendant was entitled to make demand for payment on Plaintiff Rick Riley, WHICH WERE IN POSSESSION OF THE DEFENDANT AT THE TIME OF THE INCIDENT DESCRIBED IN THE PETITION.
RESPONSE:


2.     All current and previous licenses Midland Funding LLC holds and/or held in the State of Kansas entitling it to collect debts in the State of Kansas.
RESPONSE:


3.     If Midland Funding LLC does not hold a license with the State of Kansas to collect debts in Kansas, provide all documents relating to the Defendant's application to the State of Kansas for a license.
RESPONSE


4.     Any notice of suspensions, revocations or denials from any State licensing agencies in relation to the licenses specified in the above Requests.
RESPONSE:

4

## REQUESTS PERTAINING TO COMMUNICATIONS REGARDING THE DEBT

5.    All documents reflecting communication (emails, letters, phone log notes, etc. as defined above) between Midland Funding LLC and the original creditor regarding the alleged debt.
RESPONSE:


6.    All documents reflecting communication (emails, letters, phone log notes, etc. as defined above) between Defendant Midland Funding LLC or Defendant's agents and the Plaintiff Rick Riley regarding the alleged debt.
RESPONSE:


7.    Any documents or communication (emails, letters, phone log notes, etc.) between Midland Funding LLC and any third party regarding the alleged debt.
RESPONSE:


## REQUESTS PERTAINING TO PATTERN AND PRACTICE, LACK OF MISTAKE, NOTICE BY DEFENDANT OF FDCPA OR KCPA/UDAP ISSUES, AND ASSESSMENT OF STATUTORY DAMAGES

8.    All documents supporting the assertion that Midland Funding LLC had no reason to know that the actions described in Plaintiff's Petition violated the Fair Debt Collection Practices Act or the Kansas Consumer Protection Act.
RESPONSE:


9.    All demand letters, petitions, complaints, administrative hearings, judgments lawsuits in the past three years in which Midland Funding LLC was named as a party Plaintiff for a "Similar Claim" as defined above.
RESPONSE:


10.    All demand letters, petitions, complaints, administrative hearings, judgments lawsuits in the past three years in which Midland Funding LLC was named as a party Plaintiff for alleged violations of the Kansas Consumer Protection Act or any other State's consumer protect law.
RESPONSE:

11.    All demand letters, petitions, complaints, administrative hearings, judgments lawsuits in the past three years in which Midland Funding LLC was named as a party Plaintiff for alleged violations of the Fair Debt Collection Practices Act.
RESPONSE:

12.    All demand letters, petitions, complaints, administrative hearings, judgments lawsuits in the past three years in which Midland Funding LLC was named as a party Plaintiff for alleged violations of the Kansas Consumer Protection Act or a consumer protection act of a State.
RESPONSE:

13.    All demand letters, petitions, complaints, administrative hearings, judgments lawsuits in the past three years in which Midland Funding LLC was named as a party Plaintiff for a "Similar Claim" as defined in subsection (E) of the definitions above.
RESPONSE:

14.    All documents reflecting any administrative or judicial judgments filed against Midland Funding LLC in any state in the past three years.
RESPONSE:

15.    All documents from lawsuits, consent orders, complaints, indictments, or any other document regarding allegations stemming from the lack of licensure in any state in the past three years.

RESPONSE:

## REQUESTS PERTAINING TO PROCEDURES TO AVOID FDCPA AND KCPA VIOLATIONS

16.    Please provide copies of all manuals, training materials, procedures, and office policies created by Midland Funding LLC to assure compliance with the Fair Debt Collection Practices Act.
RESPONSE:

17.    Please provide copies of all manuals, training materials, procedures, and office policies created by Midland Funding LLC to assure

6

compliance with the Kansas Consumer Protection Act or any Uniform
Deceptive Practices Act in a State other than Kansas.
    RESPONSE:


        18.    Please provide the employment file of any agents or
employees involved with the actions described in Plaintiff's Petition
related to:  (1) application of said person for employment with Midland
Funding LLC, (2) screening of person prior to employment of employee
with Midland Funding LLC, (2) training of said employee for employment
by with Midland Funding LLC, (4) reprimand of employee during
employment with Midland Funding LLC, (5) awards, bonuses, or other
incentives to employee while employed with Midland Funding LLC, (6)
termination of employee from employment with Midland Funding LLC.
Please redact any Social Security numbers and dates of birth.
    RESPONSE:


        19.    Please provide any documentation reflecting the methods of
compensation for any agents or employees involved with the actions
described in Plaintiff's Petition.
    RESPONSE:


        20.    Please provide any documentation reflecting the training for
any agents or employees involved with the actions described in Plaintiff's
Petition.
    RESPONSE:


        21.    Please provide any documentation reflecting any reprimands
for any agents or employees involved with the actions described in
Plaintiff's Petition.
    RESPONSE:


                          **GENERAL REQUESTS**

        22.    Any documents reflecting a demand for payment was made
on Plaintiff Rick Riley by Midland Funding LLC, an agent of Midland
Funding LLC or a predecessor in interest of Midland Funding LLC.
    RESPONSE:


        23.    All documents Defendant will introduce at trial.
    RESPONSE:

                                  7

24.    Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy any judgment, including, but not limited to, any liability insurance policy covering Defendant, or if applicable, the acts described in Plaintiff's Petition.
RESPONSE:


25.    Any reservation of rights letters or letters limiting, denying or qualifying coverage under the above produced policies.
RESPONSE:


Respectfully submitted,


By:
A.J. Stecklein #16330
Charles D. Kugler #7031
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0147
AJStecklein@gmail.com
CDKugler@yahoo.com
Attorneys for Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that the forgoing was served via first class mail on July 30, 2012, in the above captioned case on:

Midland Funding LLC
Registered Agent: The Corporation Service Company
200 Southwest 30th Street
Topeka, Kansas 66611


A.J. Stecklein #16330

8

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| Rick Riley, | |
| Plaintiff, | |
| vs. | Case Number: 2012-CV-1036 |
| Midland Funding LLC | Division: 3 |
| and | Chapter 60 |
| Midland Credit Management LLC, | |
| Defendants. | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW, Plaintiff Rick Riley, by and through counsel, and propounds the following written interrogatories to Defendant Midland Funding LLC pursuant to K.S.A. §60-233 to be answered under oath in accordance with K.S.A. §60-233.

### DEFINITIONS AND INSTRUCTIONS

1.      "You" or "your" shall mean or refer to the party or parties to whom these interrogatories are directed, the party's or parties' agents and attorneys and any other person acting or purporting to act on behalf of the party or parties.

2.      Where one set of interrogatories is directed to a group of parties with common counsel, and the answer to the Interrogatory is different for individual parties within the group, the answer to the Interrogatory shall reflect the answer for each individual party.

3.      "Documents" shall mean all written or graphic matter, computer memory, tapes or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, including documents stored on computer disks, whether draft of final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to:  written communications, letters,

correspondence, memoranda of telephone conversations or personal conversations, telephone logs, diaries, desk calendars, appointment books, interoffice communications, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies, analysis, statistical and financial statements, charts, graphs, reports or material similar to any of the foregoing, however denominated, by Whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

4.     "Date" means or refers to the exact date, month and year, if ascertainable, or if not, the best approximation thereof.

5.     "Identify" when used with respect to an individual means to state (1) his name, (2) business affiliation and official title, and (3) his last known address and telephone number.

6.     "Identify" when used with respect to any entity other than a natural person means to state (1) the entity's legal name and the name under which it does business, (2) the address of its principal place of business, and (3) the identity of its chief executive officer.

7.     "Identify" when used with respect to a document means to state (1) the type of document (e.g., letter, memorandum, handwritten note), (2) its date, (3) its author and addressee, (4) its last known custodian or location, and (5) a brief description of its subject matter and size. In lieu of identifying a document, you may attach a copy of it to your answers, indicating to which Interrogatory it is responsive.

8.     "Person" shall mean any natural person, firm, association, partnership, government agency, or other entity and its officers, directors, partners, employees, representatives, and agents.

9.     "Relate to" shall mean consist of, refer to, reflect, memorialize or be in any way legally, logically, or factually connected with the matter discussed.

10.     If you assert that any document related to these discovery requests is privileged, provide the following information with respect to each such document:

(a)     its date;

(b)     its author;

(c)     all addressees or recipients of the original or copies thereof;

(d)     a brief description of its subject matter and physical size; and

(e)     the nature and privilege(s) claimed.

11.     If you at any time had possession or control of a document related to these discovery requests, and if such document has been lost, destroyed, purged, or is not presently in your possession or control, describe and document the date of its loss, destruction, purge or separation from possession or control.

12.     Also note that it is impermissible under Kansas law to simply object that an interrogatory is "broad, unreasonable, or over burdensome." *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 731 P.2d 273 (1987). Under current rules, "a party objecting to discovery must carry a

heavy burden of showing why discovery should be denied. *Id.* Therefore, if there is an objectionable question, please provide a detailed basis for such objection along with supporting legal authority.

## INTERROGATORIES

1.     Please state your full name, your title if you are an employee or agent of the Defendant, and your address and phone number.
**ANSWER:**

2.     Please state the name, address, and phone number of all persons with knowledge of the account Defendant attempted to collect from Plaintiff and state a brief factual summary of each said person's testimony.
**ANSWER:**

3.     If you have denied any of the Requests for Admissions served in this case, please describe in detail (1) the facts that support that denial, (2) the law that supports that denial, (3) identify the documents that support that denial, and (4) state the names, addresses, titles, and phone numbers of all witnesses who support that denial.
**ANSWER:**

4.     If you are claiming the bona fide error defense, please state with specificity:
> a. The facts of the mistake and a complete description of how it happened.
> b. Whether the mistake was one of fact or law.
> c. The name, address, phone number, and title of all persons responsible for the mistakes.
> d. The name, address, phone number, and title of all persons responsible for supervising the persons who made the mistakes.
> e. A complete list of each time this mistake has occurred, the time, date, and place of each mistake, and the names of any persons who made claims against Defendant regarding the mistake.

**ANSWER:**

5.    For any and all Affirmative Defenses filed in your answer, please describe in detail (1) the facts that support that affirmative defense, (2) the law that supports that affirmative defense, (3) identify documents that support that affirmative defense, and (4) state the names, addresses, titles, and phone numbers of all witness who support that affirmative defense.

**ANSWER:**

Respectfully submitted,

By: _____
A.J. Stecklein #16330
Charles D. Kugler #7031
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0147
AJStecklein@gmail.com
CDKugler@yahoo.com
Attorneys for Plaintiff

**CERTIFICATE OF MAILING**

I hereby certify that the forgoing was served via first class mail on the 30th day of July, 2012, in the above captioned case on:

Midland Funding LLC
Registered Agent: The Corporation Service Company
200 Southwest 30th Street
Topeka, Kansas 66611

_____
A.J. Stecklein #16330

4

## DEFENDANT'S SWORN SIGNATURE

**STATE OF** _____          )
                                        )ss.
**COUNTY OF** _____           )

The below-named person, being duly sworn on his/her oath, states that
he/she is an agent if Midland Funding LLC and has read the foregoing
requests and the responses given are true to the best of affiant's
knowledge and belief.

By:_____
Affiant

_____
Printed name of Affiant

The foregoing responses were subscribed and sworn to before me on
this_____ day of ___ _____, 2012.

_____
Notary Public

My Commission expires:

5

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

| | |
|---|---|
| Rick Riley,<br>                    Plaintiff, | |
| vs. | Case Number: 2012-CV-1036 |
| Midland Funding LLC | Division: 3 |
| and | Chapter 60 |
| Midland Credit Management LLC,<br>                    Defendants. | |

**CERTIFICATE OF SERVICE OF INITIAL DISCOVERY
FROM PLAINTIFF TO DEFENDANT**

This Certificate of Service certifies that Plaintiff Rick Riley's First Requests for Production to Defendants, Plaintiff's First Interrogatories to Defendants and Plaintiff's First Set of Requests for Admissions to Defendants were mailed via first class, certified mail on the 30th day of July, 2012, in the above captioned case on:

Midland Funding LLC
Registered Agent: The Corporation Service Company
200 Southwest 30th Street
Topeka, Kansas 66611

and

Midland Credit Management LLC
Registered Agent: The Corporation Service Company
200 Southwest 30th Street
Topeka, Kansas 66611

Respectfully submitted,

By: _____

A.J. Stecklein #16330
Charles D. Kugler #7031
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0147
AJStecklein@gmail.com
CDKugler@yahoo.com
Attorneys for Plaintiff

Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101

.7011 2970 0003 6002 9993

$7.80 9
US POSTAGE
FIRST-CLASS
062S0006727698
66101

Midland Funding LLC
Corporation Service Company
200 Southwest 30th Street
Topeka, Kansas 66611